**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**OLLIE SMITH,**

        **Plaintiff,**        **CIVIL ACTION NO. 08-CV-10896-AA**

**vs.**

                       **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**TCHORZYNSKI,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**Corrections officer,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:** Defendant's Motion for Summary Judgment (docket no. 9) should be **GRANTED**.

**II.    REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Correctional Officer Tchorzynski. (Docket no. 9). Plaintiff has filed a Response brief. (Docket no. 15). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 5). This Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).[1]

---

[1] The Defendant's Motion to Stay Discovery (docket no. 13) will be resolved in a separate Order. The Court notes, however, that although Plaintiff has responded to that motion arguing that discovery should not be stayed, he has not shown that any specific, material evidence for the purposes of this Motion for Summary Judgment is not available. *See* Fed. R. Civ. P. 56(f).

**A.     Factual Background and Claims**

The material facts of this case are not in dispute. Plaintiff claims that Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to be free from retaliation, and committed an assault and battery upon him in violation of state tort law. (Docket no. 1). The incident occurred on July 25, 2007 in the yard of the prison where Plaintiff was incarcerated and where Defendant is employed as a correctional officer. Plaintiff is confined to a wheelchair and was sitting in the yard when he suffered an epileptic seizure. (*Id*.). He fell out of his chair, hit his head on a cement table, and landed on a cement slab. (*Id*. and docket no. 9 ex. 1). Plaintiff's body was shaking while he was on the slab in close proximity to the table. (Docket no. 1 and attachments). Defendant ran over to Plaintiff upon seeing Plaintiff suffering his seizure. (*Id*.).

Plaintiff claims that when he regained consciousness after his seizure he was pinned to the ground with Defendant kneeling on top of him with his full weight on Plaintiff's torso and neck. (Docket no. 1 at 4). Defendant handcuffed Plaintiff in front of Plaintiff's body. Fellow inmates submitted affidavits on Plaintiff's behalf describing Defendant's actions. Inmate Hickerson states that Defendant rolled Plaintiff onto his back, placed handcuffs on him, placed his right knee on Plaintiff's stomach while yelling Plaintiff's last name, and held on to Plaintiff's arms attempting to hold Plaintiff still during Plaintiff's seizure. (*Id*. attachment 1). Inmate Love states that Plaintiff was shaking, hit his head on the table and fell to the ground. Defendant came running in response, placed his knees on Plaintiff's neck, turned Plaintiff on his side, and placed Plaintiff in handcuffs. (*Id*. attachment 2). Inmate Ford states that Plaintiff fell out, hit his head on the table and began to shake. Defendant ran over and "jumped on" Plaintiff with his knee pressed against Plaintiff's neck. (*Id*. attachment 3). Defendant grabbed Plaintiff's hands and cuffed him and the "whole time"

Plaintiff was shaking. (*Id*.). Inmate Rickert states that Defendant got on top of Plaintiff by thrusting his knee in Plaintiff's side and grabbing his neck area while putting Plaintiff in handcuffs. (*Id*. attachment 4). Defendant was allegedly telling Plaintiff to stop resisting while doing so. (*Id*.). Finally, Inmate Floyd states that Defendant placed a knee on Plaintiff's neck and side and placed handcuffs on Plaintiff. (*Id*. attachment 5).

Defendant states in his affidavit that he had witnessed Plaintiff suffer seizures previously to this occasion. (Docket no. 9 ex. 1). When Defendant saw Plaintiff fall he knew Plaintiff was likely having a seizure. Plaintiff landed on a cement slab between a chair and cement table. Defendant radioed the sergeant and medical personnel as he responded to Plaintiff. Plaintiff was banging his arms on a leg of the cement table. Defendant crouched down beside Plaintiff and, with the help of Officer Blain, pulled Plaintiff away from the table leg. As Defendant crouched beside Plaintiff he called Plaintiff's name and tapped on his shoulder. Defendant handcuffed Plaintiff to keep Plaintiff from injuring himself on the cement slab and cement seat that he was near. Defendant denies that he ever jumped on Plaintiff or put his knee to Plaintiff's torso or neck. (*Id*.). Medical personnel responded, and Plaintiff was taken back to his cell in his wheelchair. Officer Blain submitted an affidavit which is consistent with Defendant's affidavit. (*Id*. attachment 2).

Physician's Assistant Tyree submitted a report after he responded to the prison yard to Plaintiff. (Docket no. 9 ex. 5). He states that on arrival Plaintiff was talking lucidly with officers and "denied any pain." (*Id*.). The report notes Plaintiff's vital signs and the results of a physical exam of Plaintiff. The diagnosis is "possible seizure" and does not provide for any specific follow-up. (*Id*.).

Plaintiff also reported to medical on July 31, 2007 for a physical exam upon Plaintiff's complaints of pain in his right hip and both wrists. (Docket no. 9 ex. 6). Plaintiff reported discomfort "after officers cuffed him during a seizure." (*Id*.). The assessment is "Alteration in comfort level," and the report notes that Plaintiff is "apparently healing well." (*Id*.).

**B.     Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**D.     Analysis**

    **1.     Eighth Amendment**

The primary factual differences in the various accounts of the events surrounding Plaintiff's seizure are whether Defendant placed his knee on Plaintiff's neck and torso and whether Defendant yelled "stop resisting" while also calling Plaintiff's name. The Court finds that these differences are not material issues of fact which a jury must consider. The Eighth Amendment's prohibition of cruel and unusual punishment "necessarily excludes from constitutional recognition *de minimis* uses

of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (internal quotations omitted). An absence of serious injury is relevant to the Eighth Amendment inquiry. (*Id*. at 7).

Even considering Plaintiff's and his witnesses' version of the events surrounding his seizure, the Court finds that the force applied by Defendant was de minimis. Defendant responded to Plaintiff while he was shaking and experiencing an epileptic seizure. Defendant's action of handcuffing Plaintiff was a reasonable response to attempt to prevent further injury to Plaintiff. Whether Defendant crouched beside Plaintiff or placed his knee on Plaintiff's neck or torso, this is not the sort of force which is repugnant to the conscience of mankind. Furthermore, there is no showing that placing the knee on Plaintiff injured Plaintiff in any way. The medical reports in the record do not show any injury. Plaintiff denied pain immediately after his seizure according to the first medical report. The second report, made 6 days after Plaintiff's seizure, notes that Plaintiff is complaining of pain in his hip and wrists. However, no change in his medications was ordered. Plaintiff makes no specific allegations of injury beyond the pain he experienced. Moreover, Plaintiff would be expected to experience some pain as a result of his fall onto the cement slab during his seizure. This absence of serious injury suggests that any force applied was de minimis.

Defendant's alleged placement of his knee on Plaintiff's neck or torso is comparable to other uses of force found to be de minimis. In *Leary v. Livingston Co*., 528 F.3d 438, 443 (6th Cir. 2008), the court found that an officer's karate chop to the plaintiff's back of his neck without verifiable injury was de minimis. Assaults which draw blood and that leave bodily bumps and bruises are examples of non-de minimis uses of force. (*Id.*). The instant allegations are more similar to the

karate chop that produced no verifiable injury. Defendant allegedly ordering Plaintiff to stop resisting does not affect this conclusion.

Even if Defendant's use of force is not de minimis, Plaintiff has failed to produce evidence sufficient for a jury to conclude that Defendant's use of force constituted "unnecessary and wanton infliction of pain" which is required for an Eighth Amendment violation. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Plaintiff alleges that after he filed a grievance against Defendant on April 3, 2007 Defendant "continually made threats" to assault him "when the time was right." (Docket no. 15 at 17). Plaintiff fails to give any more information on these alleged threats but alleges that Defendant "made good on his threat" by putting his knee in Plaintiff's back. (*Id*. at 18).

These unsupported and conclusory statements are in contrast to the pervasive evidence in this action showing that Defendant's state of mind at the time of Plaintiff's seizure was to assist Plaintiff and prevent further harm to Plaintiff. Even Plaintiff's fellow inmate described Defendant's actions as trying to hold Plaintiff still during his seizure. (Docket no. 1, attachment 1). It is not disputed that objects surrounded Plaintiff that may have injured him while he was shaking because of his seizure. A jury could only reasonably conclude that Defendant was acting to protect Plaintiff rather than to wantonly inflict pain. For all of these reasons, Plaintiff has failed to establish that a genuine issue of material fact precludes entry of summary judgment on his Eighth Amendment claim.

  **2.** **First Amendment**

Plaintiff claims that Defendant's actions were in retaliation for the grievance that Plaintiff filed against Defendant on April 3, 2007, some 3 to 4 months before Plaintiff's seizure. Plaintiff claims that by retaliating against him for filing his grievance Defendant violated his First

Amendment rights. In order to state a First Amendment retaliation claim, Plaintiff must establish that he engaged in protected conduct, that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and that there is a causal connection between elements one and two, that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

The parties agree that Plaintiff engaged in protected conduct by filing his grievance against Defendant. However, Plaintiff has failed to establish the remaining two elements of the test. The de minimis use of force which produced no verifiable injury would not deter a person of ordinary firmness from filing another grievance. In addition, Plaintiff makes no allegation that Defendant did or said anything during the time he was experiencing the seizure that would connect Defendant's actions at that time to the grievance that plaintiff had filed months earlier. Therefore, Plaintiff has failed to establish the third element of the test. Plaintiff's claim of a First Amendment violation should be dismissed.

### 3. State Tort Claim

Plaintiff claims that Defendant committed the state tort of assault and battery as a result of Defendant's actions on July 25, 2007. Because this Court recommends that all federal claims be dismissed, this Court should decline to exercise supplemental jurisdiction over this state law claim. *See* 28 U.S.C. § 1367(c)(3) (court may decline to exercise jurisdiction if all claims over which court has original jurisdiction are dismissed). In addition, federal district courts have declined to exercise supplemental jurisdiction over state law claims in similar cases on the basis that the state law claim would substantially predominate over the federal claims. *See Turner v. French*, 2008 WL 783757 (E.D. Mich. Mar. 21, 2008) (claims of assault and battery and negligence); *Smelley v. City of*

*Detroit*, 2007 WL 4326905 (E.D. Mich. Dec. 7, 2007) (noting the differences between federal excessive force claims and state law assault and battery claims). Accordingly, this Court should decline to exercise jurisdiction over this claim and dismiss it without prejudice.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 14, 2008                       s/ Mona K. Majzoub
                                                         MONA K. MAJZOUB
                                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Ollie Smith and Counsel of Record on this date.

Dated: August 14, 2008                       s/ Lisa C. Bartlett
                                                         Courtroom Deputy